# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

O.R., by and through her parents, SIG and LORI ROGICH and SIG and LORI ROGICH, individually,

    Plaintiffs,

v.

CLARK COUNTY SCHOOL DISTRICT, a county school district,

    Defendant.

Case No. 2:17-cv-01541-RFB-NJK

**ORDER**

Defendant's Partial Motion to Dismiss Plaintiffs' Complaint (ECF No. 8)

## I. INTRODUCTION

Before the Court is Defendant Clark County School District's Partial Motion to Dismiss. (ECF No. 8). For the reasons stated below, the Court denies Defendant's motion.

## II. BACKGROUND

On June 6, 2017, Plaintiffs filed their Complaint claiming that Clark County School District (the District) deprived Plaintiff O.R., a child who has a learning disorder and lives within the boundaries of the District, of a free appropriate public education (FAPE). (ECF No. 1). Plaintiffs' Complaint lists causes of action under the Individuals with Disabilities Education Act (IDEA), Title II of Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of

1973 (Section 504). Id. Defendant moves to dismiss only the ADA and Section 504 claims. (ECF No. 8). The following factual allegations are taken from Plaintiffs' Complaint.

Before O.R. started kindergarten in 2008, the District determined that she was qualified for special-education services. (ECF No. 1 at 8). O.R. attended the District kindergarten program for most of the 2008-2009 school year, until her parents, Sig and Lori Rogich, enrolled her in a private school. Id. At her parents' request, Pettigru Counseling Associates conducted two psychoeducational evaluations of O.R., one in December 2009 and the other in March 2013. Id. The 2013 evaluation by Pettigru listed the following diagnoses: Learning Disorder NOA (Nonverbal Learning Disorder-NLD); Reading Disorder (Developmental Dyslexia); Mathematics Disorder; Disorder of Written Expression; Generalized Anxiety Disorder; Dysthymic Disorder; Developmental Coordination Disorder (in partial remission); Mixed Receptive-Expressive Language Disorder (in partial remission); Phonological Disorder (in remission). Id. Pettigru indicated that, based on these diagnoses, O.R. requires a specific teaching methodology called the Orton-Gillingham Approach to receive an appropriate education. Id. at 9. In January 2014, O.R.'s parents presented the Pettigru evaluations to the District. Id.

Upon conducting its own evaluation of O.R., the District proposed an Individualized Education Plan (IEP) to O.R's parents in May 2014, and another in June 2016. Id. at 9–10. Neither of the District's IEP proposals included the Orton-Gillingham Approach that the Pettigru evaluation recommended. Id. at 10. Instead, the District's IEPs "had salient components from Orton-Gillingham in the accommodations/modifications and goals to provide a multi-sensory approach." Id. at 9. O.R.'s parents requested that O.R. be placed with teachers specifically trained in the Orton-Gillingham Approach, and placed O.R. in private school until the District completed such training. Id. The District denied the requests.

After the IEP discussions failed, O.R.'s parents filed a Due Process Complaint with an Independent Hearing Officer (IHO). The complaint claimed that the District failed to provide O.R. with a FAPE because it failed to take into account and address O.R.'s needs as stated in the Pettigru evaluation. Id. at 1–2. In a decision dated November 14, 2016, the IHO agreed, finding that "the District predetermined that under no circumstances would a methodology be put into" the IEP. Id. at 10. The IHO also held that O.R.'s parents were entitled to tuition reimbursement and transportation costs for June 2014, and the 2014-15, 2015-16, and 2016-17 school years. Id. at 2. The District appealed the IHO's decision to a State Review Officer (SRO), who reversed the IHO's decision on March 8, 2017. Id. at 11. Plaintiffs then filed the instant lawsuit. (ECF No. 1).

In its Partial Motion to Dismiss, the District argues that Plaintiffs did not allege specific facts to establish claims under Section 504 and the ADA beyond the facts necessary to establish Plaintiffs' IDEA claim. (ECF No. 8 at 5–7). The District argues that Plaintiffs failed to allege that the District had the requisite *mens rea* of intentional discrimination, such that Plaintiffs cannot prevail on damages under Section 504 and the ADA. (ECF No. 8 at 3).

### III. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b) (6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements

of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation marks omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**IV. DISCUSSION**

### A. Legal Standard

The elements of a Section 504 claim and a claim under Title II of the ADA are similar and may be addressed together. A.G. v. Paradise Valley Unified Sch. Dist. No. 69, 815 F.3d 1195, 1204 (9th Cir. 2016); K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 725 F.3d 1088, 1098 (9th Cir. 2013) (observing that "there is no significant difference in the analysis of rights and obligations created by the two Acts") (quoting Vinson v. Thomas, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002)). To prevail under either statute in the education context, a plaintiff must show (1) that she is a qualified individual with a disability and (2) that she was denied a reasonable accommodation that she needs in order to enjoy meaningful access to the benefits of public services. Id. at 1204. A plaintiff can only bring a claim under Section 504 against an entity that receives federal funding and can only bring a claim under the ADA against a public entity. K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 725 F.3d 1088, 1099 (9th Cir. 2013).

A plaintiff may satisfy the first element by showing: (a) that she has a physical or mental impairment that substantially limits one or more of her major life activities; (b) a record of such

an impairment; or (c) that she is regarded as having such an impairment. 42 U.S.C. § 12102(2) (2012). A plaintiff may satisfy the second element by showing that the defendant "denied her services that she needed to enjoy meaningful access to the benefits of a public education and that were available as reasonable accommodations" or "that the program denied her meaningful access to public education through another means, such as by violating a regulation that implements section 504's prohibitions." A.G., 815 F.3d at 1204. Finally, a defendant can only be liable for damages under Section 504 or the ADA if it acted intentionally or with deliberate indifference in "fail[ing] to provide meaningful access or reasonable accommodation to a disabled person." Id.

## B. Discussion

The District argues that Plaintiffs did not adequately plead their ADA and Section 504 claims because the Complaint only includes conclusory allegations and does not include sufficient factual allegations to establish the requisite *mens rea* under the ADA and Section 504. Having looked at the four corners of the complaint, the Court finds that Plaintiffs alleged sufficient facts to state a claim under the ADA and Section 504, in addition to the IDEA.

### i. Qualified Individual with a Disability

Plaintiffs alleged sufficient facts to plausibly establish that O.R. is a qualified individual with a disability under the ADA. Plaintiffs allege that the District first regarded O.R. as having a disability in 2007, when it found that she was eligible for special education and related services. (ECF No. 1 at 8). The Pettigru evaluations show that O.R. had a number of learning and developmental disorders. These diagnoses substantially limited O.R.'s learning abilities, requiring a specific methodology to overcome these deficits. The District's evaluations, despite providing a different teaching methodology, did not find to the contrary. Id. at 9–10. Therefore, Plaintiffs

alleged sufficient facts to plausibly establish that O.R. had a mental impairment for at least six years, and that the District regarded her as having a disability.

*ii. Denial of a Reasonable Accommodation*

Plaintiffs alleged sufficient facts to plausibly establish that the District denied O.R. a reasonable accommodation, which she needed to enjoy meaningful access to an education. Plaintiffs allege that the District violated two regulations under Section 504:

 a. **denying O.R. the opportunity to participate in and benefit from federally assisted regular education services, programs and activities, in violation of 29 U.S.C. § 794(a) and 34 C.F.R. § 104.4(a)(b)(I);**
 b. failing to provide O.R. an opportunity to participate in and benefit from education and related services that is at least equal to the opportunity afforded to students without disabilities, under 34 C.F.R 104.4(b)(1)(iii), (2).

Id. at 15. Plaintiffs also alleged similar violations of the ADA regulations:

 a. **subjecting O.R. to discrimination and retaliation, in violation of 28 C.F.R. § 35.130(a) and 42 U.S.C. §12203;**
 b. excluding O.R. from participating in and denying her the benefit of District services, programs, and activities on this basis of her disability, in violation of 28 C.F.R. § 35.130(a);
 c. denying O.R. the opportunity to participate in and benefit from aids, benefits and services on a basis equal with that afforded others, in violation of 28 C.F.R. § 35.130(b)(1)(ii);
 d. failing and refusing to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination against O.R., in violation of 28 C.F.R. § 35.130(b)(7);
 e. limiting O.R. in the enjoyment of rights, privileges, advantages, or opportunities enjoyed by others receiving the aid, benefit, or service, in violation of 28 C.F.R. § 35.130(b)(1)(vii).

(ECF No. 1 at 14–15). Plaintiffs' Complaint provides sufficient facts to plausibly establish that the District's denial itself, if not violations of specific regulations, deprived O.R. of a reasonable accommodation that would have provided her meaningful access to a public education. First, O.R. qualified for an accommodation under the ADA and the IDEA based on her diagnoses and because she was a school-aged child within the District's boundaries. Id. at 1–2. Second, Plaintiffs allege

that they requested the accommodation during IEP meetings with the District. Id. at 9. Plaintiffs argue that this accommodation was necessary for O.R. to receive meaningful access to an education based on O.R.'s diagnoses and the Pettigru evaluation recommending the Orton-Gillingham Approach. Id. at 8, 10. Lastly, Plaintiffs allege that not only did the District deny the accommodation, it predetermined that it would not include the accommodation in O.R.'s IEP. Id. at 10.

### iii. Federally-Funded Program/Public Entity

The District does not dispute that it is a public entity that receives federal funds, and so both Section 504 and the ADA could apply in this case. K.M. ex rel. Bright, 725 F.3d at 1099.

### iv. Mens Rea

The District argues that Plaintiffs failed to allege facts that show that it acted with the requisite *mens rea* for intentional discrimination, as required to prevail on damages. (ECF No. 8 at 3). The causation standard is different for Section 504 claims versus ADA claims. Under the ADA, "if the evidence could support a finding that there is more than one reason for an allegedly discriminatory decision, a plaintiff need show only that discrimination on the basis of disability was a 'motivating factor' for the decision." Id. Section 504 claims require a plaintiff to establish a denial of services "solely by reason of" a plaintiff's disability. Id. (internal citations omitted). Under either type of claim, plaintiffs can establish this element by showing that District acted with "discriminatory animus" or with "deliberate indifference." A.G., 815 F.3d at 1204. Deliberate indifference requires notice or "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that . . . likelihood." Id. A plaintiff can show that the defendant had notice by showing that plaintiff "alerted the public entity to [her] need for accommodation (or

where the need for accommodation is obvious, or required by statute or regulation)." Id. (quoting Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir.2001)).

Importantly, the District does not dispute that it received notice of O.R.'s needs and the recommendations made regarding her education. Plaintiffs allege that they put the District on notice by providing it with the Pettigru evaluations and specifically requesting the Orton-Gillingham Approach in multiple IEP meetings. (ECF No. 1 at 8–9). Plaintiffs argue that such an accommodation was required by the IDEA, ADA, and Section 504. Id. at 1. Therefore, the Court finds that Plaintiffs have alleged sufficient facts to show that the District may have been deliberately indifferent in denying O.R. the accommodation, as discussed above.

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Clark County School District's Partial Motion to Dismiss (ECF No. 8) is DENIED.

**DATED** this 31st day of March, 2018.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**